## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH NTAGANIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.: 1:17-cv-04291 |
| | ) | |
| HHC TRS FP Portfolio LLC a/k/a | ) | |
| "CROWNE PLAZA" d/b/a | ) | |
| CROWNE PLAZA HOTEL RAVINIA | ) | |
| and/or INTER-CONTINENTAL HOTELS | ) | |
| CORP, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF
### THE HOTEL'S OCTOBER 6, 2022 REQUEST FOR CONTINUANCE

Defendant HHC TRS Portfolio, LLC (the "Hotel") files this Reply Brief in Support of the Hotel's October 6, 2022 Request for Continuance, showing the Court as follows:

### INTRODUCTION

On October 21, 2022, Plaintiff served his response to this Court's October 14, 2022 Order to Show Cause and the Hotel's October 6, 2022 request for continuance stating that the Hotel and its counsel had misrepresented events surrounding Plaintiff's discovery efforts.  This is false. This Reply Brief does not restate the facts and issues that  led to the  Hotel's need to  request a continuance;  instead,  this

Reply Brief addresses the facts claimed and misrepresentations in Plaintiff's October 21, 2022 response letter.

## ARGUMENT

### I.      Plaintiff's U.S. Based Medical Providers

With respect to HIPAA authorizations for Plaintiff's U.S.-based medical providers, Plaintiff was ordered to sign and produce the requested authorizations by September 6, 2022. 8/29/22 Order. Plaintiff failed to provide the signed releases until September 9, 2022.

Now, Plaintiff, a university professor and researcher, claims he could not timely produce the signed medical authorizations due to his lack of access to the internet and/or necessary technology. 10/21/22 Ltr. Response, p. 2. However, Plaintiff previously testified that he has secure access to the internet. Ex. A (Pl.'s 7/27/22 Dep. Tr.), at 25:22-25 ("While online it's – the exchanges are not very often. And the internet is also not very good for most of [the students]. They can't afford internet like mine which is a land – land internet."). Notably, Plaintiff did not advise the Hotel or its counsel, at any time, that the delay in complying with the Court's Order was due to Plaintiff's lack of access to the internet or technology. Plaintiff did not even use this as an explanation when the Hotel advised Plaintiff that he had violated the Court's Order and needed to immediately comply. 9/7/22 Email from C. Rouse to J. Friedman. Instead, Plaintiff argued that he had complied with the

Court's Order. *Id*. But Plaintiff had not.

## II.     Plaintiff's Rwanda-Based Primary Care Physician

With respect to the Plaintiff's primary care physician in Rwanda, Plaintiff was ordered to produce by September 6, 2022: (1) contact information for such physician; (2) all necessary forms for the Hotel to request and obtain medical records; and (3) those medical records from this physician in Plaintiff's custody and control. 08/29/22 Order. On September 6, 2022, Plaintiff produced the physician's name –   Dr. Jean Paul Nakintije[1] – and phone number, but he did produce the authorization forms needed or any medical records.

### A.     Authorization Forms

On September 7, 2022, Plaintiff asked the Hotel, for the first time, to send Plaintiff's counsel a HIPAA Authorization form for Dr. Nakintije to release his medical records, indicating that Dr. Nakintije would accept the form. Ex. B (9/7/22 Email from C. Rouse to J. Friedman). On the same date, the Hotel forwarded the requested form to Plaintiff. Ex. C (9/7/22 Email from C. Orozco to C. Rouse). Plaintiff's counsel acknowledged receipt of the form. Ex. D (9/7/22 Email from C. Rouse to C. Orozco). Now, Plaintiff claims he did not receive the form until

---

[1] During discovery, the Hotel requested the identity of all of Plaintiff's medical providers for a 10-year period before the date of the incident to present but Plaintiff never identified Dr. Nakintije in written discovery responses. In fact, on April 16, 2018, Plaintiff identified a different physician – Dr. Ayubu Rehema – as his primary care physician. Ex. E (Pl.'s 4/16/18 Dep. Tr.) at 75:14-78:5.

September 28, 2022, but this is demonstrably false. Further, Dr. Nakintije has rejected the form Plaintiff asked that the Hotel provide. As such, to date, Plaintiff has yet to provide the Hotel with the necessary forms to obtain the medical records needed and has failed to comply with this Court's Order.

### B.    Dr. Nakintije's Medical Records

While Plaintiff argues that Dr. Nakintije's medical records are unnecessary, the Hotel is entitled to a thorough and sifting review of Plaintiff's medical condition, especially since he claims permanent injury and ongoing pain and suffering.

The Hotel should not be prejudiced by the fact Plaintiff resides in Rwanda and refuses to request his own records directly from his own physician – Dr. Nakintije. Indeed, this Court's Order directed Plaintiff to produce all records in his "custody and control." It was not limited to his "possession" of those records. "Control" is defined not only as possession, but as the legal right to obtain the documents requested upon demand. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Here, Plaintiff has the legal right and obligation to obtain his own medical records, as he had done before in this case but has now failed to do so – in violation of this Court's Order.

### III.   Plaintiff has Failed to Comply with his Discovery Obligations and the Hotel is Entitled to a Continuance

Rather than seek sanctions against Plaintiff for his discovery delays and violations, the Hotel simply sought an order continuing the matter to give it time to

collect the medical records at issue. In response, Plaintiff falsely accused the Hotel and its counsel of misrepresenting the facts. However, there is no question Plaintiff has violated this Court's orders on multiple occasions, most recently: (1) Plaintiff failed to produce medical records from Dr. Nakintije; (2) Plaintiff failed to provide the Hotel with the necessary forms to obtain these medical records; (3) Plaintiff failed to respond to this Court's October 12, 2022 Order; (4) Plaintiff failed to appear at the October 14, 2022 hearing; and (5) Plaintiff failed to address why he failed to respond to this Court's Order or appear at the hearing. Instead, Plaintiff's response to the Hotel's request for continuance is limited to excuses and finger-pointing.

## **CONCLUSION**

For foregoing reasons, the Hotel respectfully requests a continuance of the current trial setting, an order compelling Plaintiff to obtain and produce Dr. Nakintije's medical records, and such other relief as this Court deems necessary and proper.

Respectfully submitted this 24th day of October, 2022.

*[Signature page to follow]*

**WEINBERG WHEELER
HUDGINS GUNN & DIAL LLC**

 */s/ Cecilia D. Orozco*
Jonathan R. Friedman
Georgia Bar No. 277720
Cecilia D. Orozco
Georgia Bar No. 562696
3344 Peachtree Road N.E., Suite 2400
Atlanta, Georgia 30326
404-876-2700
jfriedman@wwhgd.com
corozco@wwhgd.com

*Attorneys for HHC TRS FP Portfolio,
LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

*/s/ Cecilia D. Orozco*
Cecilia D. Orozco

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will automatically send e-mail notification

of such filing to all attorneys of record in this action:

S. Carlton Rouse, Esq.
ROUSE & COMPANY, LLC
3375 Centerville Hwy
P.O. Box 392105
Snellville, GA 30039-9997
s.carlton@rousecolaw.com

This 24th day of October, 2022.

_/s/ Cecilia D. Orozco_____
Cecilia D. Orozco