IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH NTAGANIRA, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| | )   CIVIL ACTION |
| v. | )   FILE NO.: 1:17-cv-04291 |
| | ) |
| HHC TRS FP Portfolio LLC a/k/a | ) |
| "CROWNE PLAZA" d/b/a | ) |
| CROWNE PLAZA HOTEL RAVINIA | ) |
| and/or INTER-CONTINENTAL HOTELS | ) |
| CORP, | ) |
| | ) |
|   Defendant. | ) |

**DEFENDANT'S NOTICE OF PLAINTIFF'S NON-COMPLIANCE
WITH COURT ORDER AND REQUEST FOR SANCTIONS**

Defendant HHC TRS FP Portfolio, LLC (the "Hotel") files this Notice of Plaintiff's Non-Compliance with Court Order and Request for Sanctions, advising the Court that Plaintiff has failed to comply with the Court's October 26, 2022 Order (the "Order") [ECF No. 121] directing Plaintiff to obtain and produce by November 2, 2022, all medical records from his primary care physician from the date of the incident (May 3, 2016) to the present.

Accordingly, for the reasons set forth below, the Hotel now requests that the Court sanction Plaintiff and enter an adverse inference jury instruction.

## **THE ORDER**

In the Order, the Court reviewed the Hotel's request for continuance because of Plaintiff's failure to produce relevant medical records. Order [ECF No. 121], p. 1. After evaluating the issue, the Court denied the requested continuance but ruled that "it is Plaintiff's responsibility to obtain the records and send them to [the Hotel]. Failure to comply with this directive will result in an adverse jury instruction." *Id.* The Court then ordered that Plaintiff *must* produce "a complete copy of his medical records from his primary care physician in Rwanda from [May 3, 2016] to the present[,]" and his must do this "no later than November 2, 2022, leaving [the Hotel] adequate time to prepare for trial." *Id.*, p. 2.

This did not happen. In fact, Plaintiff's non-compliance and knowing, incomplete disclosure, as explained below, only highlights Plaintiff's repeated failure to participate in medical discovery in good faith.

But this is not the first time. Plaintiff has continually tried to hide his medical history. As early as March 27, 2018, the Court warned Plaintiff:

> . . . Mr. Rouse, [h]ere's the concern that I have. The concern that I have is that you have put your client's medical condition at issue in this case in seeking to recover damages for an alleged injury and for the treatment that he received afterwards.
>
> I believe that the defendant has been trying to get that information from you and you have not been properly responsive. . . . I'm going to order that your client provide certifications or consent forms that allow the defendant to obtain information about the medical treatment he received. **And if your client elects not to produce it, then I'm not**

2

**going to allow your client to admit any evidence about medical services or medical treatment that he might have received. Do you understand?**

**Ex. A** (03/27/2018 Hearing Transcript) (emphasis added), p. 15: 14-16: 15.

## PLAINTIFF'S WILLFUL NON-COMPLIANCE

Plaintiff is not a clueless, unwitting litigant. He, himself, is a sophisticated medical doctor and medical professor in Rwanda. He understands the practice of medicine and knows how to collect medical records. In response to the current Order, Plaintiff's counsel wrote to the Hotel on November 2, 2022, stating:

> Attached are the records that Plaintiff *could obtain* related to his visits with his PCP.

**Ex. B** (11/2/22 Email from C. Rouse to C. Orozco with documents) (emphasis added). Plaintiff's current "PCP," or primary care physician, is Dr. Jean Paul Nakintije. This physician was never disclosed before the case was administratively dismissed in April 2021[1]; Plaintiff only disclosed him as a treating physician during a recent July 22, 2022 supplemental deposition.

In response to the Court's Order, Plaintiff's November 2 production totals **4 pages**: (1) a 3-page **list**, generated from medical record software, identifying certain[2]

---

[1] In discovery, the Hotel requested the identity of all of Plaintiff's medical providers for a 10-year period, but Plaintiff never identified Dr. Nakintije. Instead, he identified Dr. Ayubu Rehema as his PCP.

[2] The list, itself, is incomplete. Oddly, Plaintiff's new list is missing multiple medical visits to the clinic between May 2016 to December 20, 2017. The Hotel only knows this because – during the discovery period – Plaintiff produced a curated but

3

historical "out patient" medical appointments at La Life Polyclinic from 2016 to the present; and (2) a 1-page prescription note dated September 29, 2022. *Id.* This is not a "complete copy of [Plaintiff's] medical records." Order [ECF No. 121], p. 2. According to the 3-page list, Plaintiff visited the clinic where his PCP works 29 times over a 6-year period. **Plaintiff did not produce any medical records[3] for these medical visits, save one prescription note; and, the list itself identifies a treating physician (Dr. Kakuru Nagarukiye Honick) and another medical professional (Nzayisenga Sauda) never disclosed by Plaintiff.** Dr. Honick and Dr. Sauda treated Plaintiff on 11 occasions.

The last true medical record produced by Plaintiff is dated December 20, 2017; since that date, Plaintiff has visited the clinic 25 times but failed to produce any of his medical records, save one prescription note.

While Plaintiff might argue that his non-compliance is irrelevant because, as

---

incomplete set of 12 pages of *actual* medical records from the clinic (**Ex. C**); those records were (1) for medical visits not identified on Plaintiff's new list (*compare* **Ex. B** *with* **Ex. C**) and (2) authored by Dr. Ayubu Rehema, who Plaintiff previously claimed as his PCP. While Dr. Rehema is also identified in the newly produced list, the dates in the list for Plaintiff's visits with Dr. Ayubu Rehema (**Ex. B**) do not correspond with the dates for visits listed in the 12-page collection (**Ex. C**). But even the old, 12-page collection proves Plaintiff clearly has the ability to collect and produce medical records from the clinic. However, in response to the Court's Order, Plaintiff made the willful decision not to comply.

[3] Actual medical records include things like patient forms, and diagnostic, consultation and progress notes (whether typed or handwritten), and, from time to time, orders and prescriptions, film(s), test results, bills, etc.

4

he says, "no treatment was performed on [Plaintiff's] knee" at the clinic, **Ex. D** (11/2/22 Email from C. Rouse to C. Orozco), this misses the forest for the trees. *First*, the Court ordered compliance. *Second*, the Hotel does not need to take Plaintiff at his word, and Plaintiff cannot hide his medical records from the Hotel simply because he resides in a distant nation. *Third*, Plaintiff has repeatedly failed to participate in medical discovery in good faith; and, even today, on the threshold of trial, the Hotel does not have Plaintiff's medical records, despite the fact that he has voluntarily placed his medical condition at issue. *Fourth*, Plaintiff has admitted in sworn testimony that Dr. Nakintije (a physician at the clinic) has prescribed pain medication for Plaintiff, which Plaintiff takes to, allegedly, address debilitating, ongoing knee pain. **Ex. E** (J. Ntaganira 07/27/22 Dep.) pp. 38:21-24, 56: 18-24.

*Fifth and finally*, medical discovery is needed to understand Plaintiff's recorded pre-incident medical condition (*e.g.,* are there medical reasons why he slipped and fell?), current medical health, and any post-incident medical problem which provides or may provide alternative explanations for his claimed on-going pain and suffering. But Plaintiff has thwarted medical discovery.

## CONCLUSION

Too much is unknown about Plaintiff and his past and current medical condition. He wants the benefit of the US tort system but has not, and does not, want to participate in medical discovery. The prejudice is incurable, and the Hotel should

not be forced to defend Plaintiffs' damages claim with both hands tied behind its back. Sanctions are warranted. Following receipt of Plaintiff's 4-page production on November 2, 2022, the Hotel advised Plaintiff that he had failed to comply with the Court's Order, but Plaintiff has declined to supplement.

For the foregoing reasons, the Hotel now requests that the Court sanction Plaintiff and enter an adverse inference jury instruction.

Respectfully submitted this 4th day of November 2022.

          **WEINBERG WHEELER**
          **HUDGINS GUNN & DIAL LLC**

          */s/ Cecilia D. Orozco*
          Jonathan R. Friedman
          Georgia Bar No. 277720
          Cecilia D. Orozco
          Georgia Bar No. 562696
          3344 Peachtree Road N.E., Suite 2400
          Atlanta, Georgia 30326
          404-876-2700
          jfriedman@wwhgd.com
          corozco@wwhgd.com

          *Attorneys for HHC TRS FP Portfolio, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record in this action:

S. Carlton Rouse, Esq.<br>
ROUSE & COMPANY, LLC<br>
3375 Centerville Hwy<br>
P.O. Box 392105<br>
Snellville, GA 30039-9997<br>
s.carlton@rousecolaw.com

This 4th day of November, 2022.

        */s/ Cecilia D. Orozco*
        Cecilia D. Orozco