## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOSEPH NTAGANIRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HHC TRS FP Portfolio LLC a/k/a | ) |
| "CROWNE PLAZA" d/b/a | ) |
| CROWNE PLAZA HOTEL | ) |
| RAVINIA and/or | ) |
| INTER-CONTINENTAL HOTELS | ) |
| CORP., | ) |
| | ) |
| Defendant. | ) |

CIVIL ACTION FILE NO.:
1:17-cv-04291-JPB

## DEFENDANT'S REQUESTS TO CHARGE

Defendant HHC TRS FP Portfolio, LLC (the "Hotel") submits these proposed requests to charge.[1] Each numbered instruction is a separate request, and the Hotel requests a separate ruling for each. In submitting these instructions, the Hotel does not waive any of the issues, arguments, and objections it previously raised, including but not limited to those set forth in motions *in limine*, pre-trial motions, and evidentiary motions made at trial. The Hotel reserves the right to

---

[1] The Hotel submits its Requests to Charge in order to comply with the Local Rules and this Court's Standing Order. Plaintiff's objections to the Hotel's Requests to Charge and the basis for same are included herein; however, Plaintiff has not yet identified the language of his own Requests to Charge. Therefore, the Hotel could not include them in this filing, and could not identify its objections.

modify these instructions to be consistent with the Court's rulings and the evidence at trial.

## **Defendant's Requests to Charge**

Request to Charge No. 1 (General Preliminary Instruction)

Request to Charge No. 2 (Jury Questions)

Request to Charge No. 3 (Stipulations)

Request to Charge No. 4 (Judicial Notice)

Request to Charge No. 5 (Introduction)

Request to Charge No. 6 (The Duty to Follow Instructions – Corporate Party Involved)

Request to Charge No. 7 (Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court)

Request to Charge No. 8 (Credibility of Witnesses)

Request to Charge No. 9 (Impeachment of Witnesses Because of Inconsistent Statements)

Request to Charge No. 10 (Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence)

Request to Charge No. 11 (Responsibility for Proof – Affirmative Defense)

Request to Charge No. 12 (Duty to Deliberate When Only the Plaintiff Claims Damages)

Request to Charge No. 13 (Election of Foreperson Explanation of Verdict Form[s])

Request to Charge No. 14 (Torts Introduction)

Request to Charge No. 15 (Torts; Negligence - Elements)

Request to Charge No. 16 (Causation)

Request to Charge No. 17 (Causation; Rainy Day Instruction)

Request to Charge No. 18 (Duty to Warn; Rainy Day Instruction)

Request to Charge No. 19 (Duty; Rainy Day Instruction)

Request to Charge No. 20 (Risk of Harm)

Request to Charge No. 21 (Torts; Ordinary Negligence – Ordinary Diligence)

Request to Charge No. 22 (Torts; Care for Own Safety, Duty to Exercise)

Request to Charge No. 23 (Torts; Avoidance of Consequences)

Request to Charge No. 24 (Torts; Comparative Negligence)

Request to Charge No. 25 (Torts; Proximate Cause; Definition)

Request to Charge No. 26 (Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules)

Request to Charge No. 27 (Tort Damages; Preliminary Instructions)

Request to Charge No. 28 (Tort Damages; Generally; Nominal Damages)

Request to Charge No. 29 (Tort Damages; Duty To Lessen)

Request to Charge No. 30 (Tort Damages; Pain and Suffering; Generally; Mental; Future)

Request to Charge No. 31 (Tort Damages; Pain and Suffering)

## <u>Plaintiff's Objections to Proposed Requests to Charge</u>

| Defendant's Proposed Request to Charge | Plaintiff's Objection |
|---|---|
| Request to Charge No. 17 | "Unrelated to the facts of the case." |
| Request to Charge No. 18 | "Unrelated to the facts of the case." |
| Request to Charge No. 19 | "Unrelated to the facts of the case." |
| Request to Charge No. 22 | "Unrelated to the facts of the case." |
| Request to Charge No. 23 | "Unrelated to the facts of the case." |
| Request to Charge No. 24 | "Unrelated to the facts of the case." |

## **Request to Charge No. 1 (General Preliminary Instruction)**

<u>Members of the Jury</u>:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

<u>The jury's duty</u>:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he/she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may

receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case.  To help you follow the evidence, I'll summarize the parties' positions.  The Plaintiff, Dr. Joseph Ntaganira, claims the Defendant, HHC TRS FP Portfolio LLC, also known as "Crowne Plaza," a hotel in Atlanta ("Crowne Plaza"), was negligent because of the condition of the floor on the day that he entered the hotel for a conference and that this negligence caused him to slip and fall.  Crowne Plaza denies those claims and contends that Plaintiff failed to exercise ordinary care for his own safety.

Burden of proof:

Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence."  That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not.  So, if you could put the evidence favoring Plaintiff and the evidence favoring Crowne Plaza on opposite sides of balancing scales, Plaintiff needs to make the scales tip to his side. If Plaintiff fails to meet this burden, you must find in favor of Crowne Plaza.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Crowne Plaza has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Crowne Plaza must prove for any affirmative defense. After considering all the evidence, if you decide that Crowne Plaza has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin

deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom.

It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial.  First, each side may make an opening statement, but they don't have to.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Crowne Plaza may ask the witness questions – this is called "cross-examining" the witness.   Then Crowne Plaza will present its witnesses, and Plaintiff may cross-examine them.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

\*\*\*

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 1.1

## Request to Charge No. 2 (Jury Questions)

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

\*\*\*

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 1.4

## **Request to Charge No. 3 (Stipulations)**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

1.      Plaintiff is a citizen of Rwanda.

2.      On May 3, 2016, Plaintiff was visiting Crowne Plaza for a conference hosted by the Centers for Disease Control (the "CDC") when he sustained an injury.

3.      After opening an arrival door at Crowne Plaza and taking "one or two steps" inside, Plaintiff slipped and fell.

\*\*\*

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 2.1

**<u>Request to Charge No. 4 (Judicial Notice)</u>**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted <span style="color:red">[state the fact that the court has judicially noticed]</span> as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

\*\*\*

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 2.5

## **Request to Charge No. 5 (Introduction)**

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

***

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.1

## Request to Charge No. 6
## (The Duty to Follow Instructions – Corporate Party Involved)

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

***

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.2.2

## **Request to Charge No. 7 (Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court)**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

\*\*\*

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.3

## **Request to Charge No. 8 (Credibility of Witnesses)**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.    Did the witness impress you as one who was telling the truth?

2.    Did the witness have any particular reason not to tell the truth?

3.    Did the witness have a personal interest in the outcome of the case?

4.    Did the witness seem to have a good memory?

5.    Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.    Did the witness appear to understand the questions clearly and answer them directly?

7.    Did the witness's testimony differ from other testimony or other evidence?

\*\*\*

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.4

**Request to Charge No. 9**
**(Impeachment of Witnesses Because of Inconsistent Statements)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

***

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.5.1

**<u>Request to Charge No. 10 (Responsibility for Proof – Plaintiff's Claim[s],<br>Cross Claims, Counterclaims – Preponderance of the Evidence)</u>**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for Crowne Plaza.

***

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.7.1

<u>**Request to Charge No. 11**</u>
<u>**(Responsibility for Proof – Affirmative Defense)**</u>

**Preponderance of the Evidence**

In this case, Crowne Plaza asserts the affirmative defenses of comparative negligence and contributory negligence.  Even if Plaintiff proves his claim by a preponderance of the evidence, Crowne Plaza can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

I caution you that Crowne Plaza does not have to disprove Plaintiff's claim, but if Crowne Plaza raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence. \*\*\*

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.7.2

## Request to Charge No. 12
## (Duty to Deliberate When Only the Plaintiff Claims Damages)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

***

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.8.1

24

## **Request to Charge No. 13**
## **(Election of Foreperson Explanation of Verdict Form[s])**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

\*\*\*

AUTHORITY:

Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013 revision), No. 3.9

## **Request to Charge No. 14 (Torts Introduction)**

The case before you is *a negligence action* in which the Plaintiff must prove by a preponderance of the evidence that the negligence of the Defendant, if any, was a proximate cause of the injuries to the Plaintiff.

\*\*\*

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 60.001, Vol. 1, Civil Cases, August 2020, 5th Edition (*as modified*).

## **Request to Charge No. 15 (Torts; Negligence - Elements)**

Plaintiff claims he was injured as a result of the negligence of the Defendant. I charge you that, in Georgia, the essential elements of a cause of action based on negligence are:

a.     A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm;

b.     a breach of this standard;

c.     a legally attributable causal connection between the conduct and the resulting injury; and

d.     some loss or damage flowing to the claimant's legally protected interests as a result of the alleged breach of the legal duty.

In order to recover, the plaintiff must prove each of the four elements by a preponderance of the evidence.

\*\*\*

AUTHORITY:

Bradley Center, Inc. v. Wessner, et al., 161 Ga. App. 576, 580 (1982), aff'd (1982); Lee Street Auto Sales v. Warren, 102 Ga. App. 345, 345 (1960)

## Request to Charge No. 16 (Causation)

In order to prove the element of causation, Plaintiff must establish the existence of a hazardous condition on the premises that created an unreasonable risk of harm.  Proof of a fall, without more, does not create liability because it is "common knowledge that people fall on the best of sidewalks and floors."

\*\*\*

AUTHORITY:

Robinson v. Kroger Co., 268 Ga. 735, 740 (1997); Glynn-Brunswick Mem'l Auth. v. Benton, 693 S.E.2d 566, 568 (Ga. Ct App. 2010).

**Request to Charge No. 17 (Causation; Rainy Day Instruction)**

It is common knowledge that water accumulates on the ground on rainy days, and the risk of harm imposed by some accumulation of water on the floor of a business premises during rainy days is not unusual or unreasonable in and of itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate.  Until such time as one who enters might reasonably expect to find the floor free of water, he or she should expect to find water present.

***

AUTHORITY:

Ike v. Kroger Co., 248 Ga.App. 531, 533, 546 S.E.2d 903, 906 (2001) (affirming trial court's decision to give "rainy day" instruction to jury).

## **Request to Charge No. 18 (Duty to Warn; Rainy Day Instruction)**

A proprietor has no duty to warn those who enter his place of business during a rainy occasion that there may be accumulations of water on the floor which have been tracked in or that the presence of water may cause the floor to be slippery.

\*\*\*

AUTHORITY:

Drew v. Istar Financial, Inc., 291 Ga. App. 323, 327 (2008).

## **Request to Charge No. 19 (Duty; Rainy Day Instruction)**

There is no duty on the part of the owner of a building or business to either stay the elements or to mop continuously during a rain for the purpose of removing water accumulations from the floor.

AUTHORITY:

Gibson v. Consolidated Credit Corp., 110 Ga. App. 170, 176, 178 (1964).

## **Request to Charge No. 20 (Risk of Harm)**

Under Georgia law, a slippery condition caused solely by rainwater is not a hazard because it presents no unreasonable risk of harm.

\*\*\*

AUTHORITY:

Emory University v. Smith, 260 Ga. App. 900, 901 (2003).

## <u>Request to Charge No. 21 (Torts; Ordinary Negligence – Ordinary Diligence)</u>

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances.  Before Plaintiff can recover damages from Defendant in a case such as this, there must be injury to the Plaintiff resulting from the Defendant's negligence.

\*\*\*

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 60.010, Vol. 1, Civil Cases, August 2020, 5th Edition.

**<u>Request to Charge No. 22 (Torts; Care for Own Safety, Duty to Exercise)</u>**

Every person has a duty to use ordinary care for his or her own safety.  If you should determine from the evidence that Plaintiff failed to use ordinary care and that this failure was the sole proximate cause of the Plaintiff's injuries, then Plaintiff *cannot* recover from the Defendant.

In order for Plaintiff to recover for his injuries, he must prove (1) that the Defendant had actual or constructive knowledge of a hazard; and (2) that the Plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the Defendant.

\*\*\*

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 60.110, Vol. 1, Civil Cases, August 2020, 5th Edition (*as modified*); <u>Southland v. Butane Gas Co. v. Blackwell</u>, 211 Ga. 665 (1955); <u>Robinson v. Kroger Co.</u>, 268 Ga. 735, 749 (1997).

35

### **Request to Charge No. 23 (Torts; Avoidance of Consequences)**

If the Plaintiff, by the exercise of ordinary care, could have avoided the consequences caused by the Defendant's alleged negligence, then the Plaintiff is not entitled to recover from the Defendant.  In other cases, the Defendant is not relieved even though the Plaintiff may have contributed to the injury sustained. The Plaintiff's duty to exercise ordinary care to avoid the consequences of the Defendant's alleged negligence does not arise until the Defendant's negligence exists and the Plaintiff knew or, in the exercise of ordinary care, should have known of such negligence.

***

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 60.120, Vol. 1, Civil Cases, August 2020, 5th Edition.

**<u>Request to Charge No. 24 (Torts; Comparative Negligence)</u>**

Where an action is brought against one or more persons for injury to person or property and the Plaintiffs is to some degree responsible for his injuries or damages claimed, the trier of fact (which is you the jury) in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the Plaintiff and the Judge shall reduce the amount of damages otherwise awarded to the Plaintiff in proportion to his percentage of fault.

***

AUTHORITY:

<u>Clark v. Rush</u>, 312 Ga. App. 333, 718 S.E.2d 555 (2011); O.C.G.A. § 51-12-33(a).

[this is the statute's exact language, and adds "(which is you the jury)"]

## **Request to Charge No. 25 (Torts; Proximate Cause; Definition)**

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or *some similar event*, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.

\*\*\*

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 60.200, Vol. 1, Civil Cases, August 2020, 5th Edition; O.C.G.A. §§ 51-12-3; 51-12-8; 51-12-9.

**<u>Request to Charge No. 26 (Torts; Proximate Cause; Foreseeability;<br>Natural and Probable Consequence; Intervening Cause Rules)</u>**

A Defendant may be held liable for an injury when that person commits a negligent act that puts other forces in motion or operation resulting in the injury when such other forces are the natural and probable result of the act that the Defendant committed and that reasonably should have been foreseen by the Defendant.  When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery.  If the chain reaction that resulted from the Defendant's alleged negligence, if any, meets the above tests, then the Plaintiff may recover.

\*\*\*

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 60.202, Vol. 1, Civil Cases, August 2020, 5th Edition; <u>Stern v. Wyatt</u>, 140 Ga. App. 704, 705 (1976); <u>Stapleton v. Amerson</u>, 96 Ga. App. 471 (1957).

**<u>Request to Charge No. 27 (Tort Damages; Preliminary Instructions)</u>**

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the Plaintiff is entitled to recover, you should award to the Plaintiff such sums as you believe are reasonable and just in this case.

\*\*\*

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 66.001, Vol. 1, Civil Cases, August 2020, 5th Edition; O.C.G.A. §§ 51-12-4; 51-12-9.

**<u>Request to Charge No. 28</u>**
**<u>(Tort Damages; Generally; Nominal Damages)</u>**

Damages are given as compensation for an injury done, and generally the injury is the measure when the damages are of a character to be estimated in money. If the injury is small or mitigating circumstances are strong, only nominal damages are given.

What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of the case.

\*\*\*

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 66.010, Vol. 1, Civil Cases, August 2020, 5th Edition; O.C.G.A. §51-12-4.

**<u>Request to Charge No. 29</u>**
**<u>(Tort Damages; Duty To Lessen)</u>**

When a person is injured by the negligence of another, he or she must mitigate his or her damages as much as is practicable by the use of ordinary care and diligence.

***

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 66.015, Vol. 1, Civil Cases, August 2020, 5th Edition; O.C.G.A. §51-12-11.

## Request to Charge No. 30
## (Tort Damages; Pain and Suffering; Generally; Mental; Future)

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the Plaintiff has suffered or will suffer are for you to decide.

Mental Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating the Plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; ~~loss of capacity to labor and earn money~~; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the plaintiff must limit activities.

\*\*\*

AUTHORITY:

"Loss of capacity to labor and earn money" should not be included in the charge because Plaintiff is not seeking economic loss damages.

Ga. Suggested Pattern Jury Instructions, No. 66.501, Vol. 1, Civil Cases, August 2020, 5th Edition; Western, etc., Railroad Co. v. Young, 83 Ga. 512, 515 (1889); Redd v. Peters, 100 Ga. App. 316 (1959); Southern Railway Co. v. Jackson, 146 Ga. 243 (1916); Chapman v. Western Union Telegraph Co., 88 Ga 763 (1892); Williams v. Vinson, 104 Ga. App. 886, 893 (1961); Langran v. Hodges, 60 Ga. App. 567 (1939); Atlantic Coast Line Railroad Co. v. Outz, 82 Ga. App. 36, 62 (1950); Food Lion v. Williams, 219 Ga. App. 352 (1995); OB-GYN Associates of Albany v. Littleton, 259 Ga. 663 (1989).

**Request to Charge No. 31**
**(Tort Damages; Pain and Suffering; Preexisting Injury; Aggravation)**

No plaintiff may not recover for injuries or disabilities that are not connected with the act or omissions of the Defendant in this case. There can be no recovery for a particular plaintiff for any injury or disability that was not proximately caused by the incident in question.

\*\*\*

AUTHORITY:

Ga. Suggested Pattern Jury Instructions, No. 66.504, Vol. 1, Civil Cases, August 2020, 5th Edition; Crandall v. Sammons, 62 Ga. App. 1, 5 (1940).

Case 1:17-cv-04291-JPB   Document 150   Filed 12/12/22   Page 45 of 47

Respectfully submitted this 12th day of December, 2022.

                                        **WEINBERG WHEELER**
                                        **HUDGINS GUNN & DIAL LLC**

                                        */s/ Cecilia D. Orozco*
                                        Jonathan R. Friedman
                                        Georgia Bar No. 277720
                                        Cecilia D. Orozco
                                        Georgia Bar No. 562696
                                        *Counsel for Defendant*

3344 Peachtree Road N.E., Suite 2400
Atlanta, Georgia 30326
404-876-2700 (t)
jfriedman@wwhgd.com
corozco@wwhgd.com

kgolden@kevingoldenlaw.com

45

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, I hereby certify that the attached pleading complies with the font and point selections prescribed by Local Rule 5.1C and uses 14 point Times New Roman Font.

> */s/ Cecilia D. Orozco*
> Cecilia D. Orozco
> Georgia Bar No. 562696

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record in this action:

S. Carlton Rouse, Esq.
Rouse & Company, LLC
3375 Centerville Hwy
P.O. Box 392105
Snellville, GA 30039-9997
s.carlton@rousecolaw.com

Kevin N. Golden, Esq.
Kevin N. Golden Esq., LLC
725 Ponce de Leon Avenue, NE, 2nd Floor
Atlanta, Georgia 30306
kgolden@kevingoldenlaw.com

This 12th day of December, 2022.

*/s/ Cecilia D. Orozco*
Cecilia D. Orozco
Georgia Bar No. 562696