THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH NTAGANIRA, ) <br> ) <br>   Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HHC TRS FP Portfolio LLC a/k/a ) <br> "CROWNE PLAZA" d/b/a ) <br> CROWNE PLAZA HOTEL ) <br> RAVINIA and/or ) <br> INTER-CONTINENTAL HOTELS ) <br> CORP., ) <br> ) <br>   Defendant. ) | CIVIL ACTION FILE NO.: <br> 1:17-cv-04291-JPB |

## **DEFENDANT'S TRIAL BRIEF**

Defendant HHC TRS FP Portfolio LLC (the "Hotel") files this Trial Brief, showing the Court as follows:

## **INTRODUCTION**

This Court has jurisdiction over this matter due to the diversity of citizenship of the Plaintiff and Defendant pursuant to 28 U.S.C. § 1332. Accordingly, Federal Law applies to all procedural matters and Georgia state law applies to all substantive matters which arise in this case. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

In the discussion below, the Hotel summaries the law, based on key facts and issues, related to (1) premise liability law; (2) the appropriateness of "Rainy Day"

jury instructions; and (3) the admissibility of medical narratives.

# FACTS

This matter arises from a May 3, 2016 slip and fall accident. Plaintiff, a national of Rwanda, was visiting Atlanta, Georgia, for a conference held at the Hotel. Plaintiff claims to have fallen and injured his knee while entering the Hotel. Plaintiff claims that following his fall, he noticed a mop and bucket near the area where he fell, and that the floor was wet and/or slippery.

At trial, the Hotel will present evidence that, among other things, (1) there was no mop or bucket; and (2) Plaintiff did not exercise ordinary care.

Plaintiff claims he suffered a fractured patella as a result of his fall and seeks to recover for his past and future pain and suffering. Plaintiff has withdrawn his demand for medical specials and other economic damages, including lost wages. ECF No. 151.

Plaintiff initially treated his injury in the United States, but shortly thereafter, returned to Rwanda. Despite the Hotel's requests and the Court's Order(s), Plaintiff failed to produce a majority of his medical records. The Hotel filed a Motion for Sanctions because of Plaintiff's failure to produce medical records, and the Court has advised that it will grant the Motion and enter an adverse inference at trial.

# APPLICABLE LAW

## I.  Premises Liability

Because this is a diversity action arising out of allegedly tortious acts in Georgia, Georgia tort law applies. *Borkowski v. Wal-Mart Stores E., LP*, No. 21-13586, 2022 WL 4363309, at *2 (11th Cir. Sept. 21, 2022).

### A.  Premise Liability Law

Under Georgia law,

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

O.C.G.A. § 51-3-1. Therefore, an invitee who is injured on a premises may recover under a theory of premises liability if he can show that his injury was caused by the owner or occupier's breach of their duty, *i.e.*, if its negligence, if any, in failing to maintain a safe premises is shown to have caused the injury. *Pandya v. Marriott Hotel Servs., Inc.*, 552 F.Supp. 3d 1364, 1376 (N.D. Ga. 2021)

However, proof of a fall or injury—without more—does not give rise to premises liability. *Id.*; *see River Place at Port Royal Condo. Ass'n v. Sapp*, 358 Ga. App. 632 (2021) (*quoting Williams v. Johnson*, 344 Ga. App. 311 (2018)("[T]he mere fact that [plaintiff] was injured, without more, 'does not give rise to liability on the part of [the defendant]'")). Instead, in order to recover for injuries sustained

3

in a slip and fall, a plaintiff must prove that: (1) the defendant had actual or constructive knowledge of the hazard; *and* (2) the plaintiff lacked knowledge of the hazard *despite the exercise of ordinary care* due to actions or conditions within the control of the owner or occupier. *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (1997) (emphasis added); *D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696 (2020). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm." *Pandya*, 552 F.Supp. 3d at 1376; (*quoting Sunlink Health Sys., Inc. v. Pettigrew*, 286 Ga. App. 339 (2007)). Without any actual or constructive knowledge of a hazardous condition, Plaintiff's claims fail.

Georgia courts have made it clear that rainwater is not considered a hazard or dangerous condition absent any unreasonable accumulation. *Id*. at 1377; *see e.g.*, *Gibson v. Consol. Credit Corp.*, 110 Ga. App. 170 (1964); *Emory Univ. v. Smith*, 260 Ga. App. 900 (2003) ("Under Georgia law, a slippery condition caused solely by rainwater is not a hazard because it presents no unreasonable risk of harm." (citation omitted)). "The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate." *Id*. (*quoting Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677 (2006) (citations omitted); *see also Dickerson v. Guest Servs. Co. of Va.*,

4

282 Ga. 771 (2007). Owners are not liable to patrons who slip and fall on floors made wet by rain conditions unless there has been an unusual accumulation of water *and* the owner has failed to follow reasonable inspection and cleaning procedures. *Id*.; *quoting Walker*, 278 Ga. App. at 680 (emphasis added) (citations omitted). Thus, plaintiffs in rainy day slip and fall cases are charged with equal knowledge that water may be found in any area frequented by people coming in from the rain outside. *Id*.

However, even if and when a hazardous condition is present, Plaintiff cannot recover if it is shown that the hazard was open and obvious. *Id*. at 1379; *see also James v. Sirmans*, 299 Ga. App. 262, 263 (2009) ("[A]n invitee 'is not entitled to an absolutely smooth or level way of travel. It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a static defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved.'").

### B. Causation

Causation is an essential element in slip and fall cases. *Hollis v. Callaway Gardens Resort, Inc.*, No. 4:05-CV-147CDL, 2008 WL 504396, at *3 (M.D. Ga. Feb. 21, 2008). Plaintiff has the burden of proof. *Shadburn v. Whitlow*, 243 Ga. App. 555, 556 (2000). He must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the Hotel was the

cause in fact. *Id.* A mere possibility or speculation of causation is not enough. *Id.;* *Pandya,* 552 F.Supp. 3d at 1380.

In *Shadburn*, three women were climbing a flight of stairs to a restaurant when one of them tripped and fell and injured the plaintiff. *Id*. at 555. The plaintiff and her other companions believed the fall was caused by "loose carpeting which they noticed at the top of the stairway after the fall; however, all three ladies testified that they were not actually certain what caused the fall." *Id*. The Georgia Court of Appeals affirmed summary judgment because plaintiff "failed to present any evidence that a condition on the stairs, the loose carpeting, caused the fall. The speculation that the fall was caused by loose carpeting does not sufficiently establish causation." *Id*.

In *Avery v. Cleveland Avenue Motel, Inc*., 239 Ga. App. 644 (1999), the plaintiff believed her fall was caused by worn and frayed carpeting which she noticed at the top of the stairwell after the accident. *Id*. The plaintiff testified that her heel caught against the floor, but she was not actually certain what caused her to fall. *Id*. The court held that the plaintiff's "admitted speculation that she initially may have tripped on worn carpeting does not sufficiently establish causation." *Id*.

**II.    Rainy Day Instructions Are Appropriate**

A jury instruction is proper where there is evidence, even just slight evidence, of the existence of a certain condition or circumstance. *Swanson v. Hall*, 275 Ga.

6

App. 452, 454 (2005)(*citing Stephens v. Hypes*, 271 Ga. App. 863, 866 (2005) (holding that trial court does not err in charging jury when there is even slight evidence on a particular issue)). Rainy Day jury instructions are appropriate and applicable in cases in which there is some evidence of rainfall. *Ike v. Kroger Co.*, 248 Ga. App. 531, 533 (2001) (affirming trial court's decision to give "rainy day" instruction to jury); *Cleveland v. Snowdrop Properties, N.V.*, 232 Ga. App. 447 (1998) (affirming summary judgment where rain and leaves accumulated in the days prior to plaintiff slipping and falling on wet leaves).

### III. Admissibility of Medical Narrative

On January 31, 2019, Plaintiff filed a Notice of Intent pursuant to O.C.G.A. § 24-8-826 to file the Medical Narrative of Dr. Jennifer Bruggers. ECF No. 38. According to the Notice, Plaintiff intends to rely on Dr. Brugger's medical narrative at trial. However, the Federal Rules of Evidence apply in this federal diversity action, not Georgia's evidentiary rules. *ML Healthcare Services, LLC v. Publix Super Markets, Inc.,* 881 F.3d 1293, 1299 (11th Cir. 2018); s*ee also Armstead v. Allstate Property & Cas. Ins. Co.*, 1:14-CV-586-WSD, 2016 WL 928722 (N.D. Ga. March 11, 2016). Accordingly, Georgia statutes regarding the admissibility of documents, including O.C.G.A. § 24-8-826 , are inapplicable.

Under the Federal Rules of Evidence, a medical narrative is nothing more than an unauthenticated document that contains inadmissible hearsay. There is no Federal

Rule of Evidence analogous to O.C.G.A. § 24-8-826 which would permit a party to rely on a medical narrative at trial. Notably, the subject document is not comparable to a medical record or business record which would meet the requirements of Rule 803(6)'s hearsay exception for Records of a Regularly Conducted Activity. This document was prepared by Dr. Bruggers on January 29, 2019 at the request of Plaintiff who had not been seen by Dr. Bruggers since 2016. Further, Dr. Bruggers intends to testify live at trial.

Respectfully submitted this 12th day of December 2022.

**WEINBERG WHEELER HUDGINS GUNN & DIAL LLC**

 */s/ Cecilia D. Orozco*
Jonathan R. Friedman
Georgia Bar No. 277720
Cecilia D. Orozco
Georgia Bar No. 562696
3344 Peachtree Road N.E., Suite 2400
Atlanta, Georgia 30326
404-876-2700
jfriedman@wwhgd.com
corozco@wwhgd.com

*Attorneys for HHC TRS FP Portfolio, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

                                                 */s/ Cecilia D. Orozco*
                                                 Cecilia D. Orozco

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record in this action:

S. Carlton Rouse, Esq.
ROUSE & COMPANY, LLC
3375 Centerville Hwy
P.O. Box 392105
Snellville, GA 30039-9997
s.carlton@rousecolaw.com

This 12th day of December, 2022.

                                           */s/ Cecilia D. Orozco*
                                           Cecilia D. Orozco