# IN THE U.S. DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JOSEPH NTAGANIRA<br><br>      **Plaintiff,**<br><br>vs.<br><br>"CROWNE PLAZA" aka/d/b/a CROWNE PLAZA HOTEL RAVINIA and/or INTER-CONTINENTAL HOTELS CORP<br><br>      **Defendants.** | CIVIL ACTION<br><br>CASE NO. 1:17-CV-04291-MLB |

## PLAINTIFF'S TRIAL BRIEF

COMES NOW, Plaintiff files this Trial Brief as follows:

## BACKGROUND FACTS

On or about May 3, 2016, Plaintiff suffered serious personal injury due to the careless acts of Defendant. In particular, Plaintiff alleges that he fell on a tile area floor near the entranceway to a conference held at the hotel. The fall occurred because Hotel staff recently mopped the floor and left the area wet. Moreover, Hotel staff removed a mat from the doorway where Plaintiff fell; the other doorways had mats in front of the glass doors. Lastly, the Hotel failed to place a "wet floor" sign in the area to warn Plaintiff or others of the hazard. It stands to reason that, given the Hotel created the hazardous condition, it had superior knowledge and owed

Plaintiff a duty to warn against potential harm.  The Hotel failed to act in an ordinary and prudent manner.

As a result of the fall, Plaintiff suffered a transverse fracture of his patella / knee.  Shortly after the injury, Plaintiff underwent invasive surgery. From that point forward, Plaintiff continued to suffer with pain, restrictive range of motion, aches, weakness, and an inability to carry on normal life and professional functions.  Over the past six years, Plaintiff's condition deteriorated and he has resigned himself to the reality that he will struggle with discomfort for the rest of his life due to the negligence of the Hotel.

Most recently, the Hotel deposed Plaintiff for the third time. He confirmed that he did not have any care in Rwanda for his knee beyond that which he had initially, i.e., physical therapy (the records were produced earlier).  There was an order from the Court for Plaintiff to produce records from his PCP.  The order from the Court provided seven (7) days to comply. Plaintiff immediately requested records from his PCP and produced all the records provided to him.  Plaintiff also obtained a record custodian affidavit confirming that what he produced was the compete records provided to him. Based upon these facts, Plaintiff does not believe there are grounds to censure him with an adverse jury instruction.

## ARGUMENT AND CITATION OF AUTHORITY

Defendant seeks to blame Plaintiff for his injury as if he did something to make the injury more likely or that he was reckless or careless in some way. That said, under applicable Georgia law, if a premises owner has actual or constructive knowledge of a hazard and the plaintiff lacks knowledge of the hazard, the owner/occupier will be found liable for the injuries to the plaintiff. See Robinson v. Kroger., 268 Ga. 735, 749 (1997).

Based upon recent filings, it is clear that Defendant is going to attempt to argue that Plaintiff failed to exercise ordinary care.  That said, there is no evidence that Plaintiff engaged in any unusual or risky behavior by simply walking into the hotel.  The mere fact that plaintiff was not looking down at the floor at the time of the fall does not demand a finding that he was not exercising ordinary care for his own safety. Looking continuously, without intermission, for defects in a floor is not required in all circumstances. What is a reasonable lookout depends upon all the circumstances at the time and place. Food Giant, Inc. v. Cooke, 186 Ga.App. 253; 366 S.E.2d 781 (1988).

There simply is a lack of any evidence suggesting that Plaintiff failed to exercise care. Furthermore, there is no evidence that Plaintiff suffered any other injury or that he had a preexisting injury that was the cause of his claimed pain and suffering.

Respectfully submitted this 13th day of December 22.

/s/ S. Carlton Rouse, Esq.
S. Carlton Rouse, Esq.
Georgia Bar No. 003583
Attorney for Plaintiff

**ROUSE & COMPANY, LLC**
3375 Centerville Hwy
P.O. Box 392105
Snellville, GA 30039-9997
(678)360-0403(t)
(678)658-9093(f)
s.carlton@rousecolaw.com

Kevin N. Golden, Esq.
KEVIN N. GOLDEN ESQ. LLC
1175 Peachtree St. NE, Suite 1000
Atlanta, GA 30361
(678)459-5393(t)
(425)799-1262(f)
kgolden@kevingoldenlaw.com

# IN THE U.S. DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JOSEPH NTAGANIRA<br><br>      Plaintiff,<br><br>vs.<br><br>"CROWNE PLAZA" aka/d/b/a CROWNE PLAZA HOTEL RAVINIA and/or INTER-CONTINENTAL HOTELS CORP<br><br>      Defendants. | CIVIL ACTION<br><br>CASE NO. 1:17-CV-04291-MLB |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing **PLAINTIFF'S TRIAL BRIEF** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing ot attorneys of record, to wit:

Jonathan R. Friedman, Esq.
Cecilia Orozco, Esq.
WEINBERG WHEELER HUDGINS GUNN & DIAL LLC
3344 Peachtree Rd. N.E., Suite 2400
Atlanta, GA 30326
(404) 876-2700
*jfriedman@wwhgd.com*
COrozco@wwhgd.com

Respectfully submitted this 13th day of December 22.

                                        /s/ S. Carlton Rouse, Esq.
                                        S. Carlton Rouse, Esq.
                                        Georgia Bar No. 003583

**ROUSE & COMPANY, LLC**
3375 Centerville Hwy

P.O. Box 392105
Snellville, GA 30039-9997
(678)360-0403(t)
(678)658-9093(f)
s.carlton@rousecolaw.com